```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #: _____
------------------------------------------------------------X DATE FILED: 6/25/25
                                              :
  CHARLES ROANE,                              :
                                              :
                              Plaintiff,      :    1:25-cv-5286-GHW
                                              :
                -against-                     :    ORDER TO SHOW
                                              :        CAUSE
  A&E TELEVISION NETWORKS, LLC, et al.,       :
                                              :
                              Defendants.     :
                                              :
------------------------------------------------------------X
```

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on June 24, 2025 against Defendants A&E Television Networks, LLC ("A&E") and Swirl Films, LLC ("Swirl"). Dkt. No. 7 ("Complaint"). That same day, he moved for a temporary restraining order enjoining Defendants from "broadcasting, distributing, or otherwise promoting the film title *Pretty Hurts*, scheduled to premiere on June 28, 2025, on the Lifetime network." Dkt. No. 6 at 5 ("TRO Memorandum").

As the basis for this Court's subject matter jurisdiction, Plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and that the amount in controversy exceeds $75,000. Complaint ¶ 7. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Both defendants in this case are limited liability companies. Complaint ¶¶ 5–6. When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiff has failed to properly allege the citizenship of the members of either defendant. Rather than allege the citizenship of Defendants' members, Plaintiff alleges their places of incorporation and principal places of business. Complaint ¶¶ 5 (alleging that A&E is incorporated in Delaware and has its principal place of business in New York), 6 (alleging that Swirl is incorporated in Delaware and has its principal place of business in Georgia).

In the absence of well-pleaded "allegation[s] as to the identity or citizenship of [the LLCs'] members," the Court cannot determine that complete diversity exists. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (observing that an allegation that an LLC "is a citizen of a different state" than the plaintiff "is insufficient to show that the diversity requirement is met because, standing alone, it is entirely conclusory"); *see also ANHAM USA, Inc. v. Afghan Glob. Ins., Ltd.*, No. 23-CV-2763 (CS), 2024 WL 3362991, at *7 (S.D.N.Y. July 10, 2024) ("[D]istrict courts in this Circuit regularly hold that allegations that none of the members of . . . a defendant limited liability company are citizens of the same state as the plaintiff are insufficient to invoke diversity jurisdiction." (alterations, internal quotation marks, and citations omitted) (collecting cases)). "Courts in this Circuit consistently find subject matter jurisdiction lacking where, like here, [a party] has not specifically alleged the identity and citizenship of each member of each relevant limited liability company." *FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 121-cv-797 (JLR) (OTW), 2022 WL 16837967, at *2 (S.D.N.Y. Nov. 9, 2022). A plaintiff's "lack of knowledge of the membership of a limited liability company" is not a defense to dismissal for lack of subject matter jurisdiction. *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022).

"If subject matter jurisdiction is lacking," federal courts "ha[ve] the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). That is true at every stage of a case in federal court, including at the outset where a party seeks emergency relief. *E.g.*, *Ali v. Barr*, 464 F. Supp. 3d 549, 556 (S.D.N.Y. 2020) ("In evaluating the plaintiffs' motion for preliminary injunction, the Court must first examine whether it has subject matter jurisdiction. A motion for a preliminary injunction under Rule 65(a), or for a temporary restraining order under Rule 52(b), does not confer subject matter jurisdiction on the court." (quotation omitted)). Accordingly, the Court must determine whether it has subject matter jurisdiction "[b]efore reaching the merits" of Plaintiff's motion for a temporary restraining order. *Vis Vires Grp., Inc. v. Endonovo Therapeutics, Inc.*, 149 F. Supp. 3d 376, 384 (E.D.N.Y. 2016) (quotation omitted); *accord DiNapoli v. DiNapoli*, No. 95-cv-7872 (SS), 1995 WL 555740, at *2 (S.D.N.Y. Sept. 19, 1995) (Sotomayor, J.) (denying motion for temporary restraining order because complaint "reveal[ed] no basis for the exercise of subject matter jurisdiction over plaintiff's suit").

For these reasons, Plaintiff is hereby ORDERED TO SHOW CAUSE by **Thursday, June 26, 2025 at 10:00 a.m.** as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: June 25, 2025  
New York, New York

GREGORY H. WOODS  
United States District Judge