# EXHIBIT E



235 E. 45th Street, New York, NY 10017
www.aegm.com

**David Seiden**
EVP & Chief Deputy General Counsel

June 12, 2025

**VIA Electronic Mail (Dayna@cooperlegalsolutions.com)**
Cooper Legal
Dayna C. Cooper, Esq.
1 Olympic Place, Suite 900
Towson, MD 21204

Re:  Haley Gosserand – *Pretty Hurts* – Response to June 4, 2025 Letter

Dear Ms. Cooper

We are in receipt of your June 4, 2025 letter to Henry Hoberman and Lifetime Entertainment Services, LLC ("LES")[1], a wholly owned subsidiary of A&E Television Networks, LLC ("AETN"), regarding Haley Gosserand.  Contrary to your letter, AETN has not engaged in any conduct that gives rise to tortious interference, inducement of breach of contract, violation of rights of publicity, or any other legal wrongdoing.  Your client's assertions reflect a fundamental misunderstanding of both the facts and the applicable law.

AETN had no knowledge of Ms. Gosserand's agreement with your client, Charles Roane, until receiving your letter, and has never had any contractual relationship with Ms. Gosserand related to the movie *Pretty Hurts* (the "Movie") or otherwise.  AETN licensed the Movie from Swirl Films ("Swirl"), and we understand that Ms. Gosserand represented to Swirl (or one of its subsidiaries) that she was free to enter into an agreement in connection with the Movie.  We are also aware that Mr. Roane and Ms. Gosserand are currently engaged in a dispute concerning a production and management agreement between them.  AETN has no intention of inserting itself into that dispute.

That dispute also in no way limits AETN's right to distribute the Movie.  Any attempt to enjoin AETN's distribution would constitute an unconstitutional prior restraint under settled First Amendment doctrine.  A prior restraint on speech is universally recognized as "the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).  Indeed, "a chief purpose of [the First Amendment's] guaranty [is] to

---

[1] LES has no connection to this matter.  It has no employees, does not manage or operate the Lifetime® network (on which the movie featuring Ms. Gosserand is scheduled to air), and the Lifetime® network is a brand of A&E Television Networks, LLC (not a separate entity).  Mr. Hoberman is no longer employed by AETN and was never employed by LES

prevent previous restraints upon publication." *Near v. Minnesota*, 283 U.S. 697, 713 (1931). Every request for a prior restraint comes to court with "a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); see also *N.Y. Times Co. v. United States*, 403 U.S. 713, 714 (1971) (per curiam). More than two centuries of precedent establish a "virtually insurmountable barrier" against the kind of prior restraint your cease and desist letter purports to seek. *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 259 (1974) (White, J., concurring).

We encourage your client to reconsider his course of conduct, particularly in light of the risks associated with attempting to obstruct a third party's constitutionally protected expressive activity.

AETN expressly reserves all legal and equitable rights and remedies, including, without limitation, the pursuit of attorneys' fees.

Very truly yours,

DocuSigned by:

*David Seiden*

14E21666E90D421...

David Seiden


cc:  Beck Sloca
     Christian Palmieri
     Julian Cordero, Esq (Julian@mycorderolaw.com)
     Eric Tomosunas (Eric@swirlfirlms.com)
     Tia Anderson (Tia@swirlfilms.com)