# EXHIBIT F



1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642.5470

June 16, 2025

<u>Via Email:</u> david.seiden@aenetworks.com    **FRE 408: FOR NEGOTIATION AND**
David Seiden                                   **SETTLEMENT PURPOSES**
EVP & Chief Deputy General Counsel             **ONLY**
A+E Television Networks
235 E. 45th Street
New York, NY 10017

**Re: Unauthorized Exploitation of Haley Gosserand in "Pretty Hurts"**

Dear Mr. Seiden:

We acknowledge receipt of your June 12, 2025 correspondence.

As an initial matter, your outright dismissal of Mr. Roane's clear and enforceable contractual rights is not only offensive, it demonstrates a reckless disregard for established legal obligations and borders on willful misconduct. Mr. Roane is a Grammy-winning producer and long-standing contributor to soundtracks, award shows, and original music content for television and film. His work has been featured on the Grammys, the Oscars, the Emmys, and multiple Netflix original series. He now produces from Maryland for major platforms and remains actively engaged in high-profile industry projects. Mr. Roane discovered, developed, and financed Ms. Gosserand's career, cultivating her brand under an exclusive representation agreement. It is indisputable that he holds legally enforceable rights, not only against Ms. Gosserand, but now against AETN, which has been formally placed on notice. Your continued unauthorized use of Ms. Gosserand's image and performance not only violates those rights but also exposes AETN to mounting legal exposure and reputational harm.

Given Mr. Roane's professional stature and the commercial value of the brand he has built, he will take all appropriate legal action to protect his name, reputation, and contractual interests to the fullest extent permitted by law. AETN's continued misuse of Ms. Gosserand's image, likeness, voice, and performance constitutes a clear and actionable violation, one that will be met with immediate and decisive legal consequences.

While my client acknowledges your stated desire to avoid entanglement in a third-party dispute, Mr. Roane has been compelled to act to protect his rights. Your continued distribution of *Pretty Hurts* now places AETN in direct violation of those rights.

Now, with respect to the substance of your correspondence, although your June 12 letter purports to respond to the issues raised, it is both legally and factually deficient. We outline the basis for that conclusion in further detail below.

**COOPER LEGAL LLC**

www.CooperLegalSolutions.com          info@CooperLegalSolutions.com

David Seiden
June 16, 2025
Page 2 of 3

**AETN IS NOW ON FORMAL NOTICE**

You have now been put on notice that:

- Ms. Gosserand remains under an exclusive Production and Management Agreement with Mr. Roane through December 31, 2026, by way of the original contract (executed December 9, 2022) and two duly executed amendments. The Agreement grants Mr. Roane *sole* authority to approve all of her professional engagements, including appearances in television or motion picture productions, whether scripted or unscripted.
- As of your receipt of our June 4 letter, AETN is indisputably aware of this Agreement and its enforceable terms. Continued use, broadcast, promotion, or streaming of *Pretty Hurts* featuring Ms. Gosserand without Mr. Roane's consent constitutes knowing and willful interference with a valid contract.
- Your position that AETN merely licensed the film from Swirl Films does not immunize it from liability. AETN had the opportunity to pause and conduct due diligence after receiving our letter, and chose not to. Your knowledge and continued exploitation renders the interference willful. AETN's lack of direct contractual privity with Ms. Gosserand is irrelevant. Notice of an exclusive agreement triggers a duty to refrain from interference. Your continued use of her image without Mr. Roane's consent constitutes tortious interference and may also give rise to injunctive and monetary remedies.

**FIRST AMENDMENT DOES NOT IMMUNIZE AETN FROM CIVIL LIABILITY**

Your invocation of *Nebraska Press*, *Near v. Minnesota*, and *New York Times Co. v. United States* is inapposite. Those cases involved governmental censorship of political or journalistic content, not the unauthorized commercial use of a private artist's persona and intellectual property.

This matter squarely falls within the scope of *Zacchini v. Scripps-Howard Broadcasting Co.*, 433 U.S. 562 (1977), in which the Supreme Court upheld a performer's right to control the commercial use of their identity. While *Zacchini* involved footage of a live event with arguable news value, *Pretty Hurts* is a scripted dramatization created solely for entertainment and profit. As previously stated, we demand that you immediately cease and desist. Failure to comply will result in legal action to the fullest extent permitted by law.

**POTENTIAL FOR RETROACTIVE LICENSING**

Mr. Roane is willing to consider resolving this matter amicably, including through a retroactive license. However, no agreement will be considered unless AETN:

1. Provides an immediate opportunity for Mr. Roane to conduct a full review of the final cut of *Pretty Hurts*;
2. Grants Roane final approval over any depiction of Ms. Gosserand that could harm his reputation, distort her brand, or conflict with the image developed under their agreement;
3. Confirms a willingness to negotiate the following terms:

David Seiden
June 16, 2025
Page 3 of 3

- A retroactive licensing fee reflecting industry norms based on production budget and expected revenue;
- A 2.5% to 5% backend royalty from distribution revenues;
- A "Developed in association with Charles Roane" on-screen credit; and
- A buyout of future claims against continued distribution of the film

No negotiation can proceed until these baseline conditions are satisfied. Mr. Roane reserves all rights and does not waive any claims by engaging in these discussions.

**TRO AND INJUNCTION IF NO RESOLUTION**

If we do not receive written confirmation by **Thursday**, **June 19, 2025**, that AETN will:

- Immediately suspend all distribution, streaming, trailers, advertising of *Pretty Hurts,* namely all depictions of Ms. Gosserand's name, image, and likeness; and
- Provide a copy of the final cut for Roane's review.

we will initiate litigation and seek a ***temporary restraining order and preliminary injunction*** in no later than Friday, **June 20, 2025**.

Legal claims will include, but not be limited to:

- Tortious interference with contract;
- Violation of the right of publicity;
- Misappropriation of name and likeness;
- Unjust enrichment;
- Constructive trust;
- Attorneys' fees under applicable law and agreement provisions.

AETN's continued distribution after receipt of this notice will be treated as knowing, willful infringement, justifying statutory and punitive damages.

Sincerely,

Dayna C. Cooper

cc: Christian Palmieri (Christian.Palmieri@aenetworks.com)
    Julian Cordero, Esq (Julian@mycorderolaw.com)
    Eric Tomosunas (Eric@swirlfirlms.com)
    Tia Anderson (Tia@swirlfilms.com)