# EXHIBIT G



Dayna Cooper <dayna@cooperlegalsolutions.com>

---

# Pretty Hurts

**Strom, Rachel** <RachelStrom@dwt.com>                                            Fri, Jun 20, 2025 at 2:07 PM
To: Dayna Cooper <dayna@cooperlegalsolutions.com>

Ms. Cooper:

Thank you for taking time to discuss this case with me.

As I promised, here are some of the cases dealing with TRO's for lifetime's shows, which have uniformly been ruled to be First Amendment violations. https://www.hollywoodreporter.com/business/business-news/lifetime-tv-wins-appeal-chris-697553/ and https://deadline.com/2024/02/wendy-williams-lawsuit-lifetime-documentary-1235835322/  The Porco decision is attached, if useful.   It makes the point that "While judicial redress following publication is available if it is ultimately proven that defendant abused its rights of speech, it was constitutionally impermissible under these circumstances to forbid that speech prior to its actual expression ."  *Porco v Lifetime Entertainment Services, LLC,* No. 516390, 984 N.Y.S.2d 457, 459, 2014 N.Y. Slip Op. 02641, 2014 WL 1491564 (3d Dep't 2014).

I think this should end the discussion of a TRO to prohibit publication of the movie.   But, as discussed, I would be happy to talk if you disagree.

If your client chooses to seek a TRO, A+E would rely on the anti-SLAPP law, because that TRO would not have a substantial basis in the law.  The Reeves case, which I am attaching, discusses the applicable standard.   We would then recover attorneys fees – which are mandatory under the statute, which Reeves also discusses.  (Notably, at the time Porco was decided the anti-SLAPP law was not available to entities such as A+E and the press, we have filed an anti-SLAPP counterclaim in the Wendy Williams case I am litigating now).

Once you review, let me know if you would like to discuss.  I am also happy to discuss why I believe even a post-publication lawsuit against my client would fail at the outset, but I wanted to just put the idea of a TRO behind us (hopefully).

Thank you and have a nice weekend.

Rachel

G-001

[Quoted text hidden]

**2 attachments**


**Reeves v Associated Newspapers Ltd.pdf**
373K


**Porco v Lifetime Entertainment Services LLC.pdf**
193K



**Dayna Cooper <dayna@cooperlegalsolutions.com>**

# Pretty Hurts

**Strom, Rachel** <RachelStrom@dwt.com>                                    Mon, Jun 23, 2025 at 9:25 AM
To: Dayna Cooper <dayna@cooperlegalsolutions.com>

Great, thank you. You would also mentioned that because your client is an agent he's able to assert claims for Haley as if he is Haley. I looked, but cannot find any cases that say that, could you point me in the right direction?

Thank you.

Get Outlook for iOS

**From:** Dayna Cooper <dayna@cooperlegalsolutions.com>
**Sent:** Monday, June 23, 2025 8:07:51 AM

[Quoted text hidden]

[Quoted text hidden]

**G-003**