# EXHIBIT H



1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642.5470

June 23, 2025

<u>**VIA Electronic Mail**</u>: rachelstrom@dwt.com
A&E Televisión Networks, LLC
c/o Rachel Strom
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104

Re: Response to Cease and Desist letter

Ms. Strom:

We are in receipt of your correspondence and reviewed the *Porco* and *Williams* cases Respectfully, these authorities are inapposite to the facts at hand and do not insulate Lifetime from liability for its conduct.

**PRIOR RESTRAINT DOES NOT APPLY**

Your attempt to frame this dispute as an impermissible prior restraint under the First Amendment is misplaced. Our claims do not seek to prevent speech before publication, but rather to redress the unauthorized commercial use of an artist subject to an exclusive contract. This case concerns A&E's use of Haley Gosserand, without required written approval, in direct violation of her binding agreement with Charles Roane.

The *Porco* case is distinguishable. That matter involved a convicted criminal attempting to enjoin a fictional dramatization of his own criminal trial *i.e.*, a classic attempt to suppress speech on public issues. Here, by contrast, no content-based restriction is sought. Our claims sound in breach **of contract** (by Ms. Gosserand) and commercial misappropriation, not content censorship.

Courts have repeatedly rejected First Amendment defenses where the challenged conduct arises from exploitation of contractual or publicity rights. *Facenda v. NFL Films, Inc.*, 542 F.3d 1007, 1021 (3d Cir. 2008) ("The First Amendment does not insulate media companies from liability for exploiting contractual or publicity rights under the guise of expressive content").

Your references to the *Wendy Williams* documentary are similarly inapposite, as that matter centers on alleged defamation and misportrayal of a public figure, not the unauthorized use of a contracted artist in an entertainment production. There is no public interest defense to interfering with binding contractual obligations.

**NEW YORK ANTI-SLAPP STATUTE IS INAPPLICABLE**

New York's anti-SLAPP law does not shield Lifetime's conduct. The statute is aimed at deterring lawsuits brought to chill protected speech on public matters, not contractual and tort claims arising from unauthorized commercial use of an artist. *Estate of Abzug v. Lieberman*, Index

No. 651816/2024 (N.Y. Sup. Ct. 2024) (rejecting anti-SLAPP where the claims focused on misappropriation of contractual and creative rights).

Even if anti-SLAPP had any relevance here, which it does not, its procedural provisions do not apply in federal court. The Southern District has clearly held that the Federal Rules of Civil Procedure govern pleading and summary judgment standards, not state anti-SLAPP statutes. *GM Photo, LLC v. Focus Camera, Inc.,* No. 22-CV-10339 (VSB), 2025 WL 1226629, at *13 (S.D.N.Y. Apr. 24, 2025)

**INSURANCE DISCLOSURE REQUIRED**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv), we request disclosure of all insurance agreements under which any insurer may be liable to satisfy part or all of a potential judgment or provide defense coverage for this matter. Please provide responsive information without delay.

**RULE 11 SANCTIONS FOR FRIVOLOUS DEFENSES**

We hereby place you on notice under Fed. R. Civ. P. 11 that if A&E continues to assert baseless First Amendment or anti-SLAPP defenses, we will seek sanctions. The factual and legal record is clear:

- Ms. Gosserand remains under a contract running through December 31, 2026, that explicitly requires Roane's written consent for any televised appearance;
- In contravention of that agreement, no waiver excusing Roane's approval rights was obtained;
- A&E's conduct constitutes interference with an active contractual relationship, not expressive activity shielded by constitutional or statutory protections.

We remain open to discussing resolution through a retroactive license or other negotiated remedy, but we are prepared to file suit seeking injunctive and monetary relief if necessary.

Sincerely,

Dayna C. Cooper

Enclosures: Motion and Memorandum in Support of TRO and Preliminary Injunction
Verified Complaint

cc: Eric Tomosunas (Eric@swirlfirlms.com)
    Tia Anderson (Tia@swirlfilms.com)
    Julian Cordero, Esq. (Julian@mycorderolaw.com)