**COOPER LEGAL**

1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642.5470

June 25, 2025

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/25

<u>VIA ECF</u>
Hon. Gregory H. Woods
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

**MEMORANDUM ENDORSED**

Re: Letter Motion for Leave to Appear Remotely at Hearing on Order to Show Cause
    *Roane v. A&E Television Networks, LLC, et al.*, 1:25-cv-05286-GHW

Dear Judge Woods:

Plaintiff respectfully requests leave for his counsel to appear remotely at the upcoming hearing on the Order to Show Cause concerning Plaintiff's application for a temporary restraining order.

This request is made in good faith and arises from unavoidable scheduling constraints and substantial travel burdens. The TRO application was filed on an expedited basis after Defendants indicated their intent to proceed with the unauthorized broadcast, notwithstanding Plaintiff's exclusive contractual rights under a fully executed agreement. Undersigned counsel is currently in Memphis, Tennessee, and has been working diligently to secure in-person coverage. However, due to the accelerated schedule and the Court's directive requiring briefing on the morning of the hearing, same-day travel to New York would significantly impair counsel's ability to both comply with the Court's order and prepare adequately. In an abundance of caution, Plaintiff respectfully seeks a reasonable accommodation to appear remotely.

A remote appearance would not delay proceedings or prejudice any party. The hearing does not involve live testimony, and opposing counsel is free to appear in person if they so choose. Plaintiff attempted to obtain consent and coordinate a joint request for remote appearance, but Defendants objected, without identifying any prejudice they would suffer as a result.

While Plaintiff ultimately agreed to proceed in this forum, on a call, it was Defendants who initially raised the issue of forum, and Plaintiff cooperated in selecting the Southern District of New York as a compromise to avoid unnecessary motion practice. Plaintiff has acted throughout to facilitate the efficient and orderly resolution of this dispute.

Whether intended or not, the insistence on in-person attendance under these constraints may serve to amplify the resource disparity between the parties. This is the type of imbalance that often underscores the challenges faced by smaller litigants in disputes involving large institutional defendants. Plaintiff respectfully submits that permitting remote participation would mitigate these logistical difficulties and allow the hearing to proceed efficiently and without prejudice to any party.

Should the Court prefer to proceed in person, Plaintiff's counsel will make every effort to comply. However, Plaintiff respectfully requests a reasonable accommodation to appear remotely in order to facilitate efficient resolution of the pending application and avoid unnecessary logistical hardship.

Thank you for Your Honor's consideration.

Respectfully submitted,

Dayna C. Cooper
*Counsel for Plaintiff, Charles Roane*

cc: All counsel of record (via ECF)

Application denied.  Plaintiff's request that his counsel be granted leave to appear remotely at the June 27, 2025 hearing regarding his application for a temporary restraining order, Dkt. No. 23, is denied.  Plaintiff chose to bring suit in this forum.  He filed an application for a temporary restraining order concerning a film which is "scheduled to premiere on June 28, 2025," just four days after the date on which he filed suit.  Dkt. No. 6-1 at 5.  Given those choices, an expedited appearance in Plaintiff's selected forum should have been anticipated.  Plaintiff's counsel is expected to appear in-person at the June 27, 2025 hearing.  The Court will entertain a request from Plaintiff to adjourn the hearing.  However, any delay in the hearing date will not permit the Court to act on the request for injunctive relief prior to June 28, 2025.  Any such request must be filed no later than 1:00 p.m. today.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 23.

SO ORDERED.

Dated: June 26, 2025
New York, New York

GREGORY H. WOODS
United States District Judge