**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

---

| | |
|---|---|
| CHARLES ROANE, | Civil Action No. 1:25-CV-5286 |
| Plaintiff, | |
| v. | |
| A&E TELEVISION NETWORKS, LLC, SWIRL FILMS, LLC, and JOHN DOES 1-10, | |
| Defendants. | |

## DECLARATION OF WILLIAM PEDLOW

I, William Pedlow, declare as follows:

1. I am the Vice President, Broadcast Operations at A&E Television Networks, LLC. I have personal knowledge of the facts set forth in this declaration, and submit this declaration in support of the Opposition of Defendants A&E Television Networks, LLC ("AETN") and Swirl Films, LLC ("Swirl Films") to Plaintiff Charles Roane's Motion for a Preliminary Injunction.

2. As is most relevant here, my team builds, supports and operates the media supply chain for all content, including movies and television shows, from the time that the content comes to AETN from a production company to the time that the content leaves AETN for various distribution points. In that role, we are responsible for the media supply chain for content that is or will be distributed by AETN for its networks and brands, including Lifetime.

3. AETN has two primary distribution channels: linear channels, meaning the channels a customer would receive through their cable company, and a video on demand distribution model ("VOD").

4. I learned on June 25, 2025 that the Plaintiff Charles Roane has filed a motion for a preliminary injunction to prevent AETN from distributing the feature scripted drama *Pretty Hurts* (the "Film"), which was set to be distributed via the Lifetime linear channel the evening of June 28 and again on the afternoon of June 29. It is my understanding that a hearing on this motion is scheduled for 2:00 p.m. on Friday, June 27, thus we will not find out if such an order has issued until Friday afternoon.

5. Complying with any such order would impose significant logistical difficulties upon the process of distribution through linear channels. (My colleague Tiffany Cruz can better address the burden upon VOD distribution).

6. Initially, I understand that AETN has sold some ads specifically against the Film. This means the Film and any linked advertisements would have to be pulled from the linear schedule, for both planned time slots. AETN's programming team would then have to select replacement programming, and AETN's ad sales team would need to replace the missing linked advertising and make sure that any unlinked advertisements are manually adjusted to accommodate the different segment lengths of the replacement content. Then, the scheduled block would return to my team for additional processing and preparation for broadcast. All told, pulling the film from its scheduled premiere date and time would create significant work and costs spanning several teams.

7. If the Film's premiere is thereafter rescheduled, this would create significant additional scheduling difficulties. The Film would need to be placed at a new prime-time slot and associated next-day slot in order to reach its intended audience, but programming is often locked into these time slots far in advance. The programming team would need to identify movable programming and reschedule it, while the ad sales team would have to determine which

scheduled advertisements associated with that programming can and cannot be moved, determine whether the ads sold against the Film can fit into the time available, and perform the manual task of rescheduling each element, before the scheduled block comes to my team for final processing.

8. This process may ultimately have to involve renegotiating certain agreements impacting advertising partners, which I understand would cause my colleagues additional burdens.

9. For these reasons, ensuring AETN's compliance with a potential court order restraining publication of the Film will place a significant burden on the company as a whole, and on my team, specifically.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

Executed this 26th day of June, 2025.

Signed by: *William Pedlow* — 6F919F663AAA4BE...

William Pedlow