# EXHIBIT 2

# COOPER LEGAL

1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642.5470

June 16, 2025

**Via Email:** julian@corderolaw.com
Julian Cordero
Cordero Law LLC

**Re: Your June 4, 2025 Letter Regarding Charles Roane and Haley Gosserand**

Dear Mr. Cordero:

I write in response to your June 4, 2025 letter and follow-up email regarding your client, Ms. Haley Gosserand.

Your attempt to cast Ms. Gosserand as the aggrieved party is both unsubstantiated and legally untenable. First, your contention that the Production and Management Agreement has expired is patently false and reflects either a fundamental misunderstanding of basic facts or a willful misrepresentation. The parties executed a First Amendment (effective February 28, 2024) and a Second Amendment (effective July 15, 2024), both of which unambiguously extend the Agreement's Shopping Period through December 31, 2026. Your claim that the amendments lack consideration is contrary to well-established Maryland law. The Second Amendment references a material change in circumstances, Ms. Gosserand's involvement in a television project as the basis for the extension. *See*, *Freeman v. Stanbern Constr. Co.*, 205 Md. 71 (1954); *also, Humbird v. Humbird*, 162 Md. 582, 160 A. 623 (1932); *also, Acme Markets, Inc. v. Dawson Enters., Inc.,* 253 Md. 76, 251 A.2d 839 (1969); *see also*, *Hercules Powder Co. v. Harry T. Campbell Sons Co.,* 156 Md. 346 (1929). That recital alone satisfies the requirement for consideration under settled contract law. In addition, as Maryland courts, and any first-year law student, recognize - a later, integrated, and supported agreement controls. Even if the First Amendment were defective (which it was not), it is a fundamental principle that a subsequent contract, supported by valid consideration and agreed to by both parties, supersedes any prior inconsistent agreement. *See*, *William Danzer & Co. v. Western Maryland Ry. Co.*, 164 Md. 448, 165 A. 463 (1933). The Second Amendment cures any alleged deficiency in the First and stands independently.

Second, your interpretation of the Agreement's scope is improperly narrow. Section 4.3 expressly states that "***all*** televised appearances shall be approved by Roane," with no limitation to musical performances. Where the parties intended to distinguish between musical and non-musical appearances, they did so expressly, as in Section 2.1(c). Courts treat such distinctions as intentional. *Connors v. Gov't Emps. Ins. Co.,* 442 Md. 466, 480 (2015)("the contract must be

construed in its entirety and, if reasonably possible, effect must be given to each clause so that a court will not find an interpretation which casts out or disregards a meaningful part of the language of the writing unless no other course can be sensibly and reasonably followed."); *also*, *Igwilo v. Prop. & Cas. Ins. Guar. Corp.,* 131 Md. App. 629, 640–41 (2000)("particular provisions of a contract are not to be read in isolation but rather the document is to be read as a whole to discover its true import."). Although the Agreement is fully integrated and extrinsic evidence is inadmissible to vary its terms, for context, the purpose of the provision requiring approval of *all* televised appearances was to ensure that Mr. Roane could protect and shape Ms. Gosserand's brand in a manner consistent with her long-term marketability to record labels. The parties discussed this goal expressly, recognizing that accepting roles inconsistent with the brand could undermine their shared objective. It was to prevent such occurrences that the approval provision was included.

**ALLEGED EXPIRATION OF THE AGREEMENT**

Further and notably, your letter avoids stating that Ms. Gosserand has terminated the Agreement. Instead, you claim it "expired." That distinction is telling. No written notice of termination has been issued, nor would such notice be effective absent compliance with Section 3.4, which requires 30 days' written notice. As a result, the Agreement remains in force, and Ms. Gosserand's participation in unauthorized projects constitutes a material breach.

Accordingly, Mr. Roane reserves all rights and intends to pursue the following remedies:

1. Reimbursement of all out-of-pocket expenses as outlined in Section 6;
2. Enforcement of ownership rights in recordings, likenesses, and other works under Section 8.1;
3. Injunctive relief under Section 15.1 for unauthorized use of contractual and intellectual property assets;
4. Damages for breach and premature termination, including reliance and expectancy damages;
5. Recovery of attorneys' fees and costs under Section 19.3.

To be clear, enforcement will not be limited to Ms. Gosserand. To the extent that any third party, including her mother, interfered with performance, induced breach, or facilitated unauthorized use of Roane's contractual rights or branding, they will be pursued under Maryland law for tortious interference and other related claims.

It is disingenuous, if not outright deceptive, for you to now claim the contract has expired, given that your client and Mr. Roane continued to actively conduct business well into late May 2025. Your client has knowingly accepted the benefit of Mr. Roane's ongoing time, labor, and financial

investment in her career, conduct wholly inconsistent with any claim that the agreement had expired.

On May 21, 2025, Ms. Gosserand personally approved a new mix submitted by Mr. Roane. See below text. That same week, Mr. Roane was in active communication with Noah from Vevo regarding her account setup. And, on May 29, 2025, he facilitated the linking of her YouTube and Vevo accounts, clear evidence of his continued role in promoting and developing her brand. See text below.

Your client cannot have it both ways reaping the benefits of Mr. Roane's efforts while denying the very agreement that governs them. The facts make clear that the agreement did not expire and remains in full force and effect.





**COUNSEL'S ETHICAL OBLIGATIONS AND ANTICIPATED DISCOVERY**

To the extent you played a direct or indirect role in advising on, facilitating, or endorsing Ms. Gosserand's conflicting engagements, particularly if you reviewed or approved her recent contracts without regard for her ongoing obligations under the Roane Agreement, you may be a necessary witness in this matter. Continued representation under these circumstances may violate Rules 1.7, 3.7, and 8.4 of the New York Rules of Professional Conduct.

Accordingly, we demand your immediate withdrawal and reserve the right to:

- Upon the filing of a TRO and injunctive relief, move for your disqualification as counsel;
- Seek sanctions should improper conduct continue; and
- Refer this matter to the Attorney Grievance Committee, if appropriate.

Please confirm whether you reviewed the Production and Management Agreement and its amendments prior to Ms. Gosserand entering into her current entertainment-related engagements and whether you personally advised her regarding the enforceability of the amendments.

**ASSET PRESERVATION**

We further demand that you and your client immediately preserve all communications, contracts, emails, texts, call logs, drafts, and notes between Ms. Gosserand and any third parties, including but not limited to television producers, casting personnel, and agents relating to:

- Her appearance on any television program, film, etc.;
- Negotiation or execution of any agreement for such appearances; and
- Any communications referencing Charles Roane or his rights.

Finally, your accusations of "threats" and "harassment" are without merit. Mr. Roane's communications with third parties were lawful and appropriate efforts to enforce his contractual rights under an active agreement. Please be advised that we are actively considering all available remedies, including injunctive relief and judicial asset restraint to prevent further monetization of content, services, or branding created in breach of the Agreement. This includes potential restraint of payments, appearances, or derivative works arising from Ms. Gosserand's unauthorized engagements.

This letter is without waiver of any rights or remedies, all of which are expressly reserved. Kindly govern yourself and your client accordingly.

Sincerely,

**Dayna C. Cooper**

Cc: David Seiden (David.seiden@aenetworks.com)
    Christian Palmieri (Christian.Palmieri@aenetworks.com)
    Julian Cordero, Esq (Julian@mycorderolaw.com)
    Eric Tomosunas (Eric@swirlfilms.com)
    Tia Anderson (Tia@swirlfilms.com)